

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BURRELL A. McGHEE, | ) | Civil No. 7:13-CV-00123 |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | <u>ORDER</u> |
| | ) | |
| | ) | |
| UNITED STATES OF AMERICA, et al., | ) | |
| | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Burrell A. McGhee, the plaintiff, brings this medical malpractice action against the United States under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and LocumTenens.com, LLC ("Locum") (a physician staffing agency) and two doctors under Virginia state law pursuant to the court's supplemental, 28 U.S.C. § 1367, and/or diversity jurisdiction, 28 U.S.C. § 1332. McGhee's claim arises from an arthroscopic shoulder surgery he endured at the Veteran's Affairs Medical Center in Salem, VA ("VAMC"), in which the doctors and the VAMC staff dropped two medical tools causing his two-hour surgery to last almost eight hours, during which time he remained immobilized and unconscious, causing him various injuries. Based on these allegations, McGhee asserts in the introductory paragraph of his complaint (and nowhere else) that he is seeking punitive damages. The defendants have moved to dismiss McGhee's punitive damages claim under Federal Rules of Civil Procedure 12(b)(6) and 12(c), claiming that the complaint fails to allege sufficient facts to support that claim under Virginia law and the FTCA precludes it.[1]

---

[1] Under Rule 12(b)(6), a court must accept all of the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007). A court will review a Rule 12(c) motion under the same standards as a motion under

Under Virginia law, an award of punitive damages is reserved only for "cases involving the most egregious conduct," in which the plaintiff's claims are "supported by *factual allegations* sufficient to establish that the defendant's conduct was willful or wanton." Woods v. Mendez, 265 Va. 68, 76 (2003); Bowers v. Westvaco Corp., 244 Va. 139, 150 (1992); Va. Code § 8.01-52(5).[2] "Willful and wanton negligence is action undertaken in conscious disregard of another's rights, or with reckless indifference to consequences with the defendant aware, from his knowledge of existing circumstances and conditions, that his conduct probably would cause injury to another." Woods, 265 Va. at 76-77. With respect to the FTCA, according to the plain language of § 2674, the United States "shall not be liable . . . for punitive damages." 28 U.S.C. § 2674; Molzof v. United States, 502 U.S. 301, 306 (1992). McGhee simply has not pled specific factual allegations showing that the defendants' conduct was willful or wanton, and the FTCA expressly precludes an award of punitive damages against the United States. Accordingly, it is hereby **ORDERED** and **ADJUDGED** that the defendants' motions to dismiss McGhee's punitive damages claim (ECF No. 14, 16, 26) are **GRANTED** and that claim is **DISMISSED**.

**ENTER**: February 25, 2014.

_____
UNITED STATES DISTRICT JUDGE

---

Rule 12(b)(6). See Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999); Graves v. Austin, 4:12-CV-21, 2012 WL 6019099 (W.D. Va. Dec. 3, 2012).

[2] In diversity cases, federal courts apply the substantive law of the forum state, including the forum state's choice of law rules, see Salve Regina Coll. V. Russell, 499 U.S. 225, 226 (1991), and under Virginia tort law, a court should apply the substantive law of the place of the wrong. Jones v. R.S. Jones & Associates, Inc., 246 Va. 3, 5 (1993). Here, Virginia is both the forum state and the place of the wrong.